# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                )
**SINCERI GUERRERO,**                           )
                                                )
      **Plaintiff,**                )
                                                )
    **v.**                             )    **Civil Action No. 14-2107 (RMC)**
                                                )
**THOMAS VILSACK, Secretary,**                  )
**United States Department of Agriculture,**    )
                                                )
      **Defendant.**                )
_____         )

## MEMORANDUM OPINION

Pending before the Court is Defendant's Second Motion to Dismiss [Dkt. 16].
Ms. Guerrero entered into a Settlement Agreement with the U.S. Department of Agriculture
effective July 6, 2015.  Because the Court finds that the Settlement Agreement unambiguously
settles all issues and claims that Ms. Guerrero had or could have had against Defendant,
including those presented here, the motion will be granted and this case will be dismissed.

## I.  FACTS

The facts pertinent to the merits of this case were set forth in the Court's previous
opinion, *Guerrero v. Vilsack*, --- F.3d ---, 2015 WL 5729229 (D.D.C. Sep. 30, 2015).  Only a
brief summary is necessary here.

Sinceri Guerrero's federal employment began in December 2010, when she was
hired under the Business Management Leadership Program into the USDA's Food Safety and
Inspection Service (FSIS).  The leadership program was abolished by Executive Order on March
1, 2011, and Ms. Guerrero spent one year of probationary service in the FSIS Office of Civil
Rights before obtaining status as a Management Analyst on January 29, 2012.

Ms. Guerrero claims to have suffered myriad instances of discrimination from January 2011 to June 2011 while at the Office of Civil Rights. *See Guerrero*, 2015 WL 5729229 at *2. She then transferred to the FSIS Office of Management for four months before joining the FSIS Workers Compensation, Safety and Health Division.

In January 2012, she left that job for the Office of the Secretary of Agriculture, where she worked on the Administrative Solutions Project Blueprint for Stronger Service. She would later claim under-compensation while working on that project.

In November 2012, Ms. Guerrero was reassigned to the FSIS Labor and Employee Relations Division (LERD). She claims another spate of discriminatory harassment throughout 2013 while at LERD. *See Guerrero*, 2015 WL 5729229 at *3.

In the summer of 2014, she applied and interviewed for a Litigation Specialist position at a GS-14 grade. When later told that she would have to submit a writing sample, Ms. Guerrero withdrew her application and did not get the job.

Ms. Guerrero filed an administrative complaint (No. FSIS-2013-00013) on November 13, 2012. *See* Mot., Ex. A [Dkt. 6-1] (First Admin. Compl.).[1] It alleged "a long string of continual harassment" beginning in January 2011 and culminating in the termination of her detail to the Administrative Solutions Project. *Id.* at 3.

Ms. Guerrero filed a second administrative complaint (No. FSIS-2014-00238) on March 13, 2014. *See* Mot., Ex. E [Dkt. 6-5] (Second Admin Compl.).[2] She alleged retaliation for having filed her October 2012 EEO complaint, to wit, her 2013 Performance Appraisal of

---

[1] Ms. Guerrero first contacted an EEO counselor, as required by regulations, on October 4, 2012. *See* Mot., Ex. C [Dkt. 6-3] (First EEO Compl.).

[2] Ms. Guerrero first contacted an EEO counselor, as required by regulations, on January 24, 2014. *See* Mot., Ex. F [Dkt. 6-6] (Second EEO Compl.).

"fully successful."  This complaint also alleged an Equal Pay Act violation for her comparatively

low pay while reassigned to LERD since November 2012.  Ms. Guerrero sought back pay.

After neither of those administrative complaints was resolved at the agency level,

Ms. Guerrero filed suit in this Court on December 12, 2014 and amended her complaint six days

later.  *See* Am. Compl. [Dkt. 2].  A motion to dismiss was filed on February 6, 2015, was fully

briefed, and ultimately resolved by the Court on September 30, 2015.

The preceding facts were drawn from Ms. Guerrero's complaint and the exhibits

referenced thereby, and thus they were considered in resolving Defendant's first motion to

dismiss.  The following facts are not alleged in Ms. Guerrero's complaint.  Because the pending

motion is nominally a motion to dismiss, the Court could not consider such facts without

converting the motion into one for summary judgment.  *See* Fed. R. Civ. P. 12(d).  But because

neither party addresses the rule under which this motion is or should be brought, and because

both parties offer facts outside the complaint, the motion will be treated as one for summary

judgment.  The following facts will therefore be considered.

Shortly after filing this suit, Ms. Guerrero requested permission from LERD to

work remotely, from a location closer to her ailing daughter in Florida.  Opp'n to 2d Mot. to

Dismiss [Dkt. 18] (Opp'n) at 2.  She was allowed a 90 day detail to Raleigh, North Carolina—

with no relocation or travel funds—and told that her employer would reconsider the issue

thereafter.  *Id.*  Ms. Guerrero "felt she was treated unequally" for several reasons, including that

she had filed this case, but decided not to complain at that time.  *Id.* at 2-3.

After receiving a troubling call from her co-worker, however, Ms. Guerrero

"surmised that she was denied remote work approval [and] relocation assistance . . . as a way of

building a [pretextual] foundation for discipline . . . or to get Plaintiff to resign."  *Id.* at 3.  She

then filed a third administrative complaint (No. FSIS-2015-00568) on May 6, 2015.  Ms.

Guerrero agreed to mediate her third administrative complaint, which resulted in the Settlement Agreement that is now the basis for Defendant's Second Motion to Dismiss.

## II.  LEGAL STANDARDS

It is well settled that courts "interpret a settlement agreement under contract law." *Gonzalez v. Dep't of Labor*, 609 F.3d 451, 457 (D.C. Cir. 2010) (citing *T Street Dev., LLC v. Dereje & Dereje*, 586 F.3d 6, 11 (D.C. Cir. 2009)).

When interpreting a contract, "if its terms are unambiguous on their face, interpretation is considered a question of law appropriately resolved by th[e] court." *United States ex rel. Dep't of Labor v. Ins. Co. of N. Am.*, 131 F.3d 1037, 1042 (D.C. Cir. 1997) (citing *NRM Corp. v. Hercules, Inc.*, 758 F.2d 676, 682 (D.C. Cir. 1985)).  Whether the terms are ambiguous is also a question of law for the Court.  *Segar v. Mukasey*, 508 F.3d 16, 22 (D.C. Cir. 2007) (citing *Bennett Enters., Inc. v. Domino's Pizza, Inc.*, 45 F.3d 493, 497 (D.C. Cir. 1995)).  A contract is ambiguous only "if it is reasonably susceptible of different constructions," and not "merely because the parties later disagree on its meaning."  *Segar*, 508 F.3d at 22 (quoting *Bennett*, 45 F.3d at 497).

Where the contract is clear and unambiguous, the Court *cannot* consider parol or extrinsic evidence.  *Bode & Grenier, LLP v. Knight*, --- F.3d ---, 2015 WL 6405279, at *9 (D.C. Cir. Oct. 23, 2015) ("Under[] D.C. law, courts may only resort to extrinsic evidence in interpreting a contract when the language admits of no clear interpretation.") (citing *In re Bailey*, 883 A.2d 106, 118 (D.C. 2005)).  In other words, "parol evidence may not be used to vary the plain meaning of a contract."  *Am. Postal Workers Union v. U.S. Postal Serv.*, 550 F.3d 27, 31 (D.C. Cir. 2008) (citing *Am. Fed'n of Gov't Employees, Local 2924 v. Fed. Labor Relations Auth.*, 470 F.3d 375, 383 (D.C. Cir. 2006)).

### III. ANALYSIS

In this case, Ms. Guerrero entered into a settlement agreement that contained the following provision:

> This four (4) page Agreement is made by and between **Sinceri Guerrero** (hereafter referred to as the Employee) and the U.S. Department of Agriculture (USDA), Food Safety and Inspection Service, (FSIS) (hereinafter referred to as the Agency) and *constitutes a full, complete, and final settlement of all the issues that were raised or could have been raised prior to the effective date of this agreement*. This Agreement is self-executing and dismisses with prejudice **Agency Case No. FSIS-2015-00568** which he/she has or may claim to have against the Agency, whether known or unknown, including all of the monetary and non-monetary relief to which the Employee claims to be or could be entitled including attorney's fees and costs. This Agreement does not prevent the Employee from exercising his or her rights under 29 C.F.R. 1614, in any other matter that arises after the effective date of this Agreement.

Mot., Ex. A [Dkt. 16 at 8] (Agreement) at 1 (boldface in original, italics added).  As Defendant notes, this agreement disposes of "all the issues that were raised or could have been raised prior to [its] effective date," which was July 6, 2015.  *Id.*  It is undisputed that Ms. Guerrero's present case and its underlying administrative complaints (Nos. FSIS-2013-00013 and FSIS-2014-00238) were raised prior to that date.  They therefore fall within the unambiguous language.

Ms. Guerrero argues principally that the Agreement encompasses only Case No. FSIS-2015-00568, bolded above.  *See* Opp'n to Mot. [Dkt. 18] (Opp'n).  While that is the only case dismissed by operation of the Agreement, the preceding sentence is far broader, and there is no textual or logical link between the two sentences.  The first defines the scope of the settlement (all issues that were or could have been raised); the second directs a specific result (the dismissal of FSIS-2015-00568).  The first does not expand or contract on account of the second.

The canons of statutory interpretation relied on by Ms. Guerrero are therefore inapposite.  She argues first that, to the extent provisions conflict, "those that relate to a particular

matter control over the more general language." Opp'n at 5 (quoting *Hills Materials Co. v. Rice*,

982 F.2d 514, 517 (Fed. Cir. 21992)). But there is no conflict here: whether certain

administrative complaints are dismissed with prejudice has no bearing on the scope of "issues

that were raised or could have been raised" before July 6, 2015. Agreement at 1. The principle

of "contra proferentum," on which Ms. Guerrero also relies, is similarly inapplicable because

there is no ambiguity to be resolved. *See United States ex rel. DOL v. Ins. Co. of N. Am.*, 131

F.3d 1037, 1043 (D.C. Cir. 1997); *Mesa Air Grp. v. DOT*, 87 F.3d 498, 506 (D.C. Cir. 1996);

Restatement (Second) of Contracts § 206 & cmt. A.

   Ms. Guerrero's final argument is that she did not knowingly and voluntarily waive

her rights because she "did not know the settlement agreement applied to her federal case."

Opp'n at 10-11; *see also* Opp'n, Ex. E [Dkt. 18-2 at 17] (Guerrero Decl.). But any argument

about what she "unequivocally understood" at the time, Opp'n at 10, runs headlong into the

unambiguous text. The text trumps. As an attorney herself, Ms. Guerrero could reasonably be

expected to know this. Even if she did not, the settlement agreement advised her of her right to

outside counsel; she did not seek such advice.

## IV.  CONCLUSION

   The Court finds the provision above to be an unambiguous waiver of Ms.

Guerrero's present case, as it arises from "issues that were raised or could have been raised"

before July 6, 2015. The Court does not consider, therefore, the competing extrinsic evidence

offered by the parties. The motion to dismiss will be converted into one for summary judgment

and granted. Judgment will be entered in favor of Defendant, and the case will be closed.


Date:  January 4, 2016        _____/s/_____

           ROSEMARY M. COLLYER
           United States District Judge